IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Gerald Lee Scott a/k/a Gerald L. Scott, ) | |
| ) | Civil Action No. 8:07-2046-MBS-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Thomas Edwards, County Administrator; ) | |
| A. Lane Cribb, County Sheriff; Michael ) | |
| Schwartz, Jail Administrator; Barry ) | |
| Marsh, Captain of Operations; ) | |
| Georgetown County, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The plaintiff, a state pretrial detainee proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. The plaintiff is currently incarcerated in the Georgetown County Detention Center as a detainee on a charge of criminal sexual conduct. The plaintiff complains that during his incarceration he has been denied effective screening for communicable diseases; treated differently than convicted inmates in regards to microwaves and laundry; subjected to cruel and unusual conditions of confinement, including a lack of recreation time and bathing opportunities; and denied assistance in preparing a request pursuant to the South Carolina Freedom of Information Act.

This matter is before the Court on the defendants' motion for summary judgment. By order filed November 13, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the

possible consequences if he failed to adequately respond to the motion. On December 10, 2007, the plaintiff filed a response.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against

the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

### I.     Tuberculosis Screening

The plaintiff first alleges that the defendants were deliberately indifferent to the risk of tuberculosis and other communicable diseases by not properly screening detainees. The claim must fail.

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide

3

essential medical service. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105.[1] Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104.

"Deliberate indifference is a very high standard. In *Miltier*, the Fourth Circuit Court of Appeals noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Miltier*, 896 F.2d at 851. Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. 104; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir.1986). "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or

---

[1] The court notes that the plaintiff was a pretrial detainee at the time of the alleged constitutional violations. Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239 (1983). However, the inquiry as to whether a pretrial detainee's rights were violated under the Fourteenth Amendment is the same as that for a convicted prisoner under the Eighth Amendment (deliberate indifference to a serious medical need). *See Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir.1988) (citing *Estelle*, 429 U.S. 97).

4

permanent loss.'" *Coppage v. Mann*, 906 F.Supp. 1025, 1037 (E.D. Va.1995) (quoting *Monmouth Co. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir.1987)).

The plaintiff has not produced any evidence suggesting that (1) he has tuberculosis or any other communicable disease; (2) he is aware of any detainees who have such conditions; (3) he has been exposed to any detainees who have such conditions; or (4) he otherwise has suffered any harm as a result of what he contends is insufficient screening. In fact, the plaintiff has not even alleged any of the above facts. There is no evidence from which a jury could conclude that the defendants were aware of a serious medical need of the plaintiff or a serious and imminent risk to him and ignored it. The plaintiff has simply not alleged any injury whatsoever, serious or otherwise.

Moreover, the defendant has put forward substantial evidence that screening for such diseases was, in fact, performed generally on the detainee population and on the plaintiff, specifically. (Def. Exs. 1-4; Morton Aff. ¶ 3.) While the plaintiff contends that these procedures are inadequate and that "a PPD skin test is only [sic] reliable test" (Pl. Resp. Summ. J. at 2), such judgments are not his to make, especially in the complete absence of a showing of any serious injury or risk. The plaintiff is simply not guaranteed to receive the treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988). In this case, the plaintiff has put forward no evidence from which a jury could conclude that the defendants' screening process was even ineffectual much less deliberately indifferent. There is no evidence that the defendant's screening process ever failed to identify a case of tuberculosis or that any such misdiagnosis ever affected the plaintiff.

The plaintiff's claim should be dismissed.

## II.   Equal Protection

The plaintiff next alleges that convicted inmates, who are housed in the facility, are treated better than pre-trial detainees, like himself. He claims that pretrial detainees are not provided with microwaves and that sentenced inmates are allowed to use the facility's washing services to wash their white laundry, but pre-trial detainees must hand wash theirs.

As to the laundry service, the defendant has produced evidence that it is available for all detainees. (Morton Aff. ¶ 4.) The plaintiff has produced no evidence to the contrary. Accordingly, no genuine issues of fact exists as to that complaint.

As to the plaintiff's access to a microwave, the requirement of equal protection dictates, that pretrial detainees may not subjected to significantly more burdensome conditions than convicted persons. *See Lock v. Jenkins*, 641 F.2d 488 (7th Cir.1981). "The demands of equal protection of the laws and of due process . . . prevent unjustifiable confinement of detainees under worse conditions than convicted prisoners." *Rhem v. Malcolm*, 507 F.2d 333, 336 (2d Cir. 1974).

Access to a microwave, however, is of no constitutional import. "'There is no doubt that discipline and administration of state detention facilities are state functions. They are subject to federal authority **only where paramount federal constitutional or statutory rights supervene**.'" *Kersh v. Bounds*, 501 F.2d 585, 588 (4th Cir. 1974) (quoting *Johnson v. Avery*, 393 U.S. 483, 486 (1969)). Lack of access to a microwave "could hardly be regarded as affringing some fundamental right, emanating from the Constitution, or as

6

being based on any suspect criterion." *Id*. The plaintiff has not shown otherwise, either legally or factually.

### III.  Conditions of Confinement

The plaintiff further complains that he is "locked down" 18 hours a day and given only 30 minutes of recreation. The defendants have put forward evidence that pretrial detainees are allowed to leave their cells for recreation and relaxation three hours in the morning and three hours in the afternoon. (Morton Aff. ¶ 6.) This time includes outside recreation on a daily basis, weather permitting. *Id*.

It is true that, in certain circumstances, restricting a detainee's opportunity for physical exercise constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See Clay v. Miller*, 626 F.2d 345, 347 (4th Cir. 1980); *Kirby v. Blackledge*, 530 F.2d 583 (4th Cir. 1976). In deciding whether conditions at a jail are so onerously burdensome as to reach constitutional dimensions, the Fourth Circuit "looks at the totality of the circumstances, including the extent to which the restrictions adversely affect the mental or physical health of the inmate." *Clay*, 626 F.2d at 347. "It is generally recognized that a total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees." *Mitchell v. Rice*, 954 F.2d 187, 192 (4th Cir.1992) (citation omitted).

It is undisputed that the plaintiff gets 6 hours of out-of-cell time each day. In no way could that amount of time be characterized as a "near-total deprivation" of out-of-cell activity. *Id*. Moreover, "[t]here has been no showing that the plaintiff's mental or physical

7

health was threatened as a result" of not being provided more time than that which is already provided by the defendants. *Clay*, 626 F.2d at 347.

The amount of time allotted the plaintiff is consistent with recreational allowances affirmed by other courts as constitutional. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996) (approving three hours per week for inmates in SMU); *Wishon v. Gammon*, 978 F2d 446, 448 (8th Cir. 1992) (approving 45 minutes per week of outdoor exercise for inmates in protective custody where inmate "did not suffer any injury or decline in health resulting from his limited out of cell time."); *Ruiz v. Estelle*, 679 F.2d 1115, 1152 (5th Cir.1982) (one hour of exercise per day upheld as not violating the Eighth Amendment).

Accordingly, the claim should be dismissed.

The plaintiff further complains that the 6 hours a day is insufficient to provide every detainee with a shower each day.  First, the plaintiff has not alleged or produced any evidence that he has ever been denied a shower much less as to the regularity with which he has been denied any showers.  Second, the defendant has put forward evidence that every effort is made to provide a shower for detainees on a daily basis. (Morton Aff. ¶ 7.) The defendants have produced additional evidence that if detainees do not receive a daily shower, they are given the opportunity to bathe as soon as possible. *Id*. This evidence is undisputed by the plaintiff.  Finally, even one shower per week has been held constitutionally sufficient. *See Davenport v. DeRobertis*, 844 F2d 1310, 1316-17 (7th Cir. 1988).  The plaintiff's Complaint in this regard must fail as a matter of law.

**IV.     Freedom of Information Act**

Lastly, the plaintiff contends that the defendants have denied him the opportunity to make a request pursuant to the South Carolina Freedom of Information Act (the "Act").  The record reveals that the plaintiff sought assistance with filing a request under the Act for the whereabouts of a Glenda Harter.  (Pl. Ex., 6/15/07 Grievance.)  Glenda Harter, however, was the alleged victim in the incident of criminal sexual conduct for which the plaintiff was arrested.  (Def. Ex. 6.)  The defendants, therefore, made a unilateral decision that her whereabouts was not information the plaintiff should have under the circumstances.

The Court is unaware of any basis upon which the defendants had the authority to make an independent decision that the plaintiff was not entitled to the information.  The defendant has cited S.C. Code § 30-4-40 for the proposition that the plaintiff is not entitled to "information of a personal nature where the public disclosure thereof would constitute unreasonable invasion of personal privacy."  S.C. Code § 30-4-40(a)(2).  First, the defendants have made no showing that the information sought about the plaintiff was private in nature.  By all accounts, it appears that the information the plaintiff desired concerning Harter was purely public.  Second, Section 30-4-40 relieves the public body upon which the request is made from its duty to disclose the requested information.  That statutory provision, as far as the Court has been made aware, would not authorize the defendants to make some preemptive decision that the request could not even be made by the plaintiff upon the public body, in the first instance.

Notwithstanding, the plaintiff's claim cannot survive summary judgment. The plaintiff has not produced any evidence that he suffered injury, physical or otherwise, as the result of the denial of his request for assistance. In fact, the plaintiff does not even explain why the information was necessary, whether for legal proceedings or his own personal knowledge. The plaintiff certainly has not proffered any evidence demonstrating that he suffered any legal prejudice or other injury from a want of the information. Accordingly, the claim must fail.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, it is RECOMMENDED that the defendants' motion for summary judgment be GRANTED and the plaintiff's claims be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

June 11, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).